# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mueting, Raasch, & Gebhardt, P.A., and Ann Mueting, | Case No. 18-mc-62 (JNE/TNL) |
| Petitioners, | |
| v. | **ORDER** |
| PPG Industries, Inc., | |
| Respondent. | |

F. Andrew Ubel, III, 133 Woodlawn Avenue, Saint Paul MN 55105 (for Petitioners); and

Jeffrey D. Klobucar and Lewis A. Remele, Jr., Bassford Remele, P.A., 100 South Fifth Street, Suite 1500, Minneapolis MN 55402 (for Respondent).

This matter is before the Court on the parties' Joint Motion to Transfer Petitioners' Motion to Quash Subpoenas and for a Protective Order. (ECF No. 9). By way of brief background, a patent dispute concerning beverage can interior spray coatings is pending in the United States District Court for the Western District of Pennsylvania between Sherwin-Williams Co. and PPG Industries. *Sherwin-Williams Co. v. PPG Industries*, Case No. 2:17-cv-01023-JFC (W.D. Pa.).[1] PPG Industries, in connection with the Pennsylvania suit, served subpoenas upon third parties Mueting, Raasch, & Gebhardt, P.A., and Ann Mueting on August 6, 2018. (Decl. of Andrew Ubel, Exs. 1–2).

---

[1] The case was originally pending in this District but then transferred to the Western District of Pennsylvania. *Valspar Corp., et al. v. PPG Industries, Inc.*, Case No. 16-cv-1429 (SRN/SER).

In their motion, Petitioners "consent[ed] to the Court exercising its discretion to transfer the instant motion to the Pennsylvania Court for resolution." (ECF No. 2, at 8, 12–13). The parties have now submitted a joint motion for the transfer of the motion to quash to the Pennsylvania Court for consideration alongside the underlying litigation. (ECF No. 9). The parties notes that the "Pennsylvania Court is . . . familiar with the issues underlying Petitioner's Motion, which issues overlap with other matters pending in the Litigation." (ECF No. 9, at 1).

Under the Federal Rules of Civil Procedure, "the court for the district where compliance is required" may quash or modify a subpoena for various reasons. Fed. R. Civ. P. 45(d)(3). Courts may also transfer a Rule 45 motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Without consent, the "proponent of transfer bears the burden of showing that such circumstances are present." Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendments. Although the Advisory Committee

> advises courts that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas," it notes that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation . . . if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."

*In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d 286, 287 (D.D.C. 2015) (quoting Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendments); *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014). As with all rules of civil procedure, Rule 45 "should be construed, administered, and employed by

the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Here, this Court agrees with the parties that transfer of Petitioner's motion to the Western District of Pennsylvania is the appropriate course of action. First, the parties request the transfer. Fed. R. Civ. P. 45(f). Second, transfer fits squarely with the aims of the Federal Rules of Civil Procedure. *Id.*; Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendments. The docket in the underlying action shows that a ruling by this Court on the instant motion to quash would interrupt Chief Judge Joy Flowers Conti's management of that litigation. Chief Judge Conti currently is set to hold a status conference on August 27, 2018 and is considering a similar motion for protective order regarding subpoenas. As such, Chief Judge Conti's familiarity with the litigation weighs in favor of transfer. *In re UBS Fin. Servs., Inc. of Puerto Rico Sec. Litig.*, 113 F. Supp. 3d at 288 ("Given the lengthy history of prior substantive proceedings in Puerto Rico, Judge Cerezo is in a better, more informed position to rule on the . . . motion. Transfer[] . . . not only prevents disruption of Judge Cerezo's management of this case, but promotes judicial economy and avoids possible inconsistent results in discovery orders."); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("Due to the highly complex and intricate nature of the underlying litigation, Judge Scheindlin [of S.D.N.Y.] is in a better position to rule on the . . . motion to quash or modify the subpoena due to her familiarity with the full scope of issues involved . . . ."); *Patriot Nat. Ins. Grp. v. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 176 (N.D.N.Y. 2013) (finding that "[i]n light of its extensive involvement, as evidenced by the docket in the underlying action . . . the Southern

District of Florida is far better positioned to hear arguments relating to whether the disputed subpoena *duces tecum* seeks documents that are relevant to the underlying action"); *Pactel Pers. Commc'ns v. JMB Realty Corp.*, 133 F.R.D. 137, 139 (E.D. Mo. 1990) ("[T]he Court finds that the issues would best be decided by the Atlanta court, which is familiar with the facts of this and the related case, and the posture of the parties.").

Moreover, Petitioners' main arguments in support of its motion to quash—that the documents requested are irrelevant, cumulative, and burdensome—weigh in favor of transfer. Such an argument "emphasizes the need for the court where the underlying matter lies to decide the matter," because "the court with the most familiarity with the case is better positioned to determine whether the documents are indeed relevant" and could "better balance whatever relevance exists against the need to protect" non-parties. *Patriot Nat. Ins. Grp.*, 973 F. Supp. 2d at 176. Chief Judge Conti is in a far greater position than this Court to decide whether and the extent, if any, the testimony and documents requested by PPG Industries are relevant to the lawsuit.

Based on all the above, this Court concludes that Chief Judge Conti "has significantly more knowledge of the case than this court, and therefore that court is better positioned to make a just and speedy determination" of Petitioners' motion to quash. *Patriot Nat. Ins. Grp.*, 973 F. Supp. 2d at 177. Any ruling this Court made on the contested subpoenas could disrupt Chief Judge Conti's management of the underlying litigation. Given that the Federal Rules of Civil Procedure provide a vehicle to transfer

subpoena-related motions for these very reasons, this Court will employ that option and transfer the motion to quash to the Western District of Pennsylvania.

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion to Transfer Petitioners' Motion to Quash Subpoenas and for a Protective Order, (ECF No. 9), is **GRANTED**.

2. Petitioners Mueting, Raasch, & Gebhardt, P.A., and Ann Mueting's Motion to Quash Subpoenas and for a Protective Order, (ECF No. 1), is **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania for consideration by the Honorable Joy Flowers Conti, Chief United States District Judge, in coordination with the related litigation entitled *Sherwin-Williams Co. v. PPG Industries*, Case No. 2:17-cv-01023-JFC.

3. The Clerk of Court is directed to close this matter once transfer is completed.

Date: August 20, 2018            *s/ Tony N. Leung*
                                 Tony N. Leung
                                 United States Magistrate Judge
                                 District of Minnesota

*Mueting, Raasch, & Gebhardt, P.A., et al. v. PPG Industries, Inc.*
Case No. 18-mc-62 (JNE/TNL)